

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed June 17, 2005                                                           **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: § | | |
| § | | |
| TONI L. LINCOLN, § | CASE NO. 04-20392-RLJ-13 | |
| § | | |
| Debtor § | | |

| | | |
|---|---|---|
| UNITED STATES TRUSTEE, § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 05-2006 | |
| § | | |
| DENNIS BOREN and BOREN, § | | |
| SWINDELL & ASSOCIATES, § | | |
| § | | |
| Defendants § | | |

**MEMORANDUM OPINION**

Defendants Dennis R. Boren and Boren, Swindell & Associates (collectively "Boren") move under Title 28, United States Code, Section 455, Subsections (a) and (b)(1), for my recusal from this adversary proceeding. A hearing on the motion was held April 20, 2005.

Subsections (a) and (b)(1) of section 455 state as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Under the statute, I have the obligation to identify the grounds for recusal and, assuming they are met, to disqualify myself from the case.

This adversary is brought in the underlying Chapter 13 case of Toni L. Lincoln. The plaintiff is William T. Neary, United States Trustee, Region 6 (the "Trustee"). By the complaint initiating this action, the Trustee contends that Boren, an attorney, should be enjoined from practicing before the bankruptcy court, ordered to disgorge fees, and be sanctioned for his practices in handling the Lincoln bankruptcy case and other bankruptcy cases involving other debtors.

Boren filed the Chapter 13 case of Ms. Lincoln on March 26, 2004. On October 22, 2004, the Standing Chapter 13 Trustee, Walter O'Cheskey ("O'Cheskey"), filed a motion seeking to set aside an agreed order that had been entered in the Lincoln bankruptcy case representing a so-called "agreement" between Toni Lincoln and Washington Mutual Home Loans, Inc. ("Washington Mutual").[1] Washington Mutual had filed a motion seeking relief from the automatic stay to foreclose its mortgage lien against Ms. Lincoln's residence. O'Cheskey's motion was heard December 13, 2004. I considered the evidence at the hearing

---

[1] Washington Mutual is designated as the servicing agent for Mortgage Electronic Registration Systems, Inc., its successors in interest and/or assignees.

and held that the agreed order should be set aside. I found that the order had, at the very least, been entered by mistake and that Mr. Boren had been neglectful in his representation of Ms. Lincoln regarding the matter. At the hearing, I heard the testimony of Ms. Lincoln and O'Cheskey and admitted a report prepared by O'Cheskey relating to Mr. Boren's charges to bankruptcy clients, including Ms. Lincoln, for the preparation of durable powers of attorney and directives to physician.

Boren complains of the manner in which I conducted the hearing on O'Cheskey's motion and a comment I made at the hearing. Boren first notes that the I heard testimony and accepted evidence "[d]espite there being no objection or responses filed to the motion . . . ." Boren then states that neither he nor an employee of his firm was present at the hearing because Mr. Troy Blackwell had moved to substitute as counsel for the debtor.[2] Boren is particularly concerned that I heard testimony of Mr. O'Cheskey and admitted a report prepared by Mr. O'Cheskey regarding Boren's charges to Ms. Lincoln as well as other debtors for the preparation of durable powers of attorney and directives to physician.

The particular statement I made at the hearing on O'Cheskey's motion that Boren contends mandates disqualification is as follows:

> The – the evidence reflects that there was some – to put it mildly, some gross misstatements by Washington Mutual concerning the status of the indebtedness, and obviously some – again, perhaps an understatement, some neglect by debtor's counsel intending (sic) to the issue before the Court.

---

[2] The motion to substitute counsel was filed November 5, 2004, approximately three weeks after O'Cheskey's motion. Boren was provided with notice of both O'Cheskey's motion and the hearing on the motion. Moreover, it is my recollection that Boren was present in the courtroom the day of the hearing.

In addition, at the hearing on April 20, 2005, on the present motion, Boren raised another comment I made at a general docket call. At the docket call, an opposing party appeared and complained of Mr. Boren's failure to return his calls. I told Mr. Boren's partner, Mr. Swindell (Mr. Boren was not present at the docket call), that at a continued docket call Mr. Boren needed to bring his checkbook with him if he failed to return phone calls. Mr. Swindell responded by stating that he did not know if Mr. Boren had failed to return calls as alleged by the opposing party. I replied that I didn't either, but I was inclined to believe he had not because this claim had been made about Mr. Boren to the Court on previous occasions in other cases.

Allowing O'Cheskey to submit evidence at a hearing on his motion cannot justify a charge of partiality, bias, or prejudice. I heard the evidence and, as stated, set aside the agreed order. Based on the evidence presented, I also made the statement set forth above regarding Mr. Boren. The decision at the hearing, and particularly my comment regarding Mr. Boren's representation of Ms. Lincoln, was based solely on matters properly brought before the Court. Recusal under section 455(a) and (b)(1) is subject to the "extrajudicial source" limitation. *Liteky v. U.S.*, 510 U.S. 540, 114 S.Ct. 1147 (1994). The extrajudicial source "doctrine" historically stood for the proposition that a disqualifying bias or prejudice must stem from a source outside a judicial proceeding. *Id.* at 545, 1152. The Supreme Court in *Liteky* clarified this "doctrine" by describing it as the extrajudicial source "factor" because the presence of an extrajudicial source does not necessarily establish bias, prejudice, or partiality and its absence does not necessarily preclude a finding of bias, prejudice, or partiality. *Id.* At 554, 1157. The Supreme Court noted, however, that "judicial rulings alone

almost never constitute a valid basis for a bias or partiality motion." *Id.* (citation omitted). The Court held as follows:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and the *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.*

The hearing held on O'Cheskey's motion was properly noticed and conducted. My comments regarding Mr. Boren at such hearing were based solely on evidence presented at the hearing. My sharp comment to Mr. Boren's partner at the referenced docket call was based on what I was told at the docket call and at other proceedings held before me. The Supreme Court in *Liteky* further stated as follows:

> *Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display.

*Id.* at 555-556, 1157.

It is my opinion that the grounds raised by Boren for recusal fail to display a deep-seated and unequivocal antagonism that would render me incapable of conducting a fair trial of this adversary proceeding. I believe a reasonable, objective observer who is informed of the foregoing facts and circumstances would reach the same conclusion. *See Microsoft Corp. v. U.S., et al*, 530 U.S. 1301, 121 S.Ct. 25 (2000). The motion for recusal will be denied. I will enter an appropriate order.

### End of Memorandum Opinion ###